Good morning, Your Honors. Armon Jackson appearing on behalf of the appellant Taylor Scott. May it please the Court, Your Honors, may I reserve two minutes for rebuttal? All right. Your Honors, on this appeal, it involves two issues. The first issue is what is the statute of limitations as to when a Title VII claimant must file a Title VII claim to preserve her rights? The second issue is whether equitable tolling would apply under circumstances where a Title VII claimant was not provided with adequate notice as to when to file a Title VII claim, the respondent was placed on notice, and no prejudice would be caused towards the respondent if the Title VII claims were to be prosecuted. Your Honors, here Ms. Scott filed a filing with the California Department of Fair Employment and Housing on November 13, 2013. After that, the California Department of Fair Employment and Housing transferred her claim to the Equal Employment Opportunity Commission on November 19, 2013, dismissing the claim and authorizing the EEOC to investigate her claims. On November 25, 2013, the California Department of Fair Employment and Housing issued Ms. Scott a right to sue letter giving her one year to file her state law claims. Between November 19, 2013 up until June 3, 2015, the EEOC was responsible for processing and investigating Ms. Scott's claims. On June 3, 2015, the EEOC issued Ms. Scott a right to sue letter advising her that she had 90 days to file her Title VII claims. On June 22, 2015, Ms. Scott filed her Title VII claims within the 90-day timeframe that was advised to her from the EEOC in the letter dated June 3, 2015. Your Honor, the law governing as to when a claimant must file a Title VII claim is governed by 42 U.S.C. section... 2000 E.F. 5.F. 1. That is correct, yes. I mean statutory construction is what we have to do regarding that. Yes, Your Honor. And the statute says Title VII claimant has 90 days to file her Title VII claim after being issued a right to sue letter. I think it says within 90 days after the giving of such notice. So the question is what does such notice refer to? And your argument, I guess, would be the EEOC right to sue letter. That is correct, Your Honor. But I know you also make an equitable tolling argument, which I think is your weaker argument of the two, because your client basically didn't do anything for, what, 11 months or something. Yes, Your Honor. I'll address that argument. Now, when we look at the equitable tolling argument and you're being advised that the federal agency is processing and investigating your claims, there's nothing that could be referred to that Ms. Scott was required to do other than making herself available for the investigation. The EEOC was responsible for processing and investigating, not Ms. Scott. Well, like under these type of cases, your client has to do a couple of things, and one of them is exhaustion, right? That is correct, Your Honor. So it's well settled that a Title VII plaintiff satisfies the administrative exhaustion requirement when she becomes eligible, when she becomes eligible for the right to sue notice, even if she hasn't received one. Am I right on the law so far? Yes, Your Honor. So I guess the argument is why should there be a separate date for when a claim is exhausted and for when the 90-day limitation period begins? Because she clearly, you have exhausted at that point. With respect to being eligible? Well, I mean, you have to do, you can get knocked out on a number of things. You can, you know, here you got knocked out because you said they denied you equitable tolling and they said you didn't file within the 90 days. But had you not exhausted, that's another way people knock you out of lawsuits, right? That is correct, Your Honor. And it seems that it's well settled that the exhaustion attaches when a person is eligible for the right to sue. That's pretty clear. That's clearly established, is it not? It's established with the case law, Your Honor. Okay. That's what I'm saying. So here, we don't really have a case on point, right, about whether there should be a separate date for when the claim is exhausted and when the 90, that's interpreting 42 U.S.C. 2000 E5 F1, right? Right. So whatever we do here, we maybe need to publish and say when that, when it starts, when the 90-day starts. That would be very helpful, Your Honor. Otherwise, the lower court. You're running out of time, and I want to ask you a question, and I already agree with what you're saying. So do you want to answer that? No, go ahead. Go. Let's talk about the retaliation claim because the retaliation claim allegedly comes after she gets the right to sue letter, correct? That is correct. Okay. So does the retaliation claim, how do you still have the retaliation claim because you didn't go back to the EEOC with the retaliation claim? Your Honor, we. I mean, do you think that it bootstraps somehow or another, and do you have some law on that? I think it does bootstrap as a continuing violation. But the EEOC didn't get to investigate the retaliation claim because it happened after the right to sue letter. That is correct. But, however, I think it is a continuing violation based on the case that's cited in the brief in terms of if occurrences happen after you exhaust your administrative remedies and become entitled to a right to sue letter, anything happening after that can also be included in the claim. It can, but it really depends on the nature of the claim. What you're alleging, isn't that a discrete act of discrimination? Yes, and harassment as well. But it's part of the ongoing conduct as your position. That is correct, Your Honor. So it might be a discrete act, but it's still part of the ongoing conduct. That's your position. That is my position. All right, now you can answer any other questions. I'm sorry to interrupt. Thank you, Your Honor. If we were to publish on this case, how do you suggest we deal with stifle in the language in that case? The stifle language. In stifle, there was no discussion, specific discussion with the language of the governing statute. It didn't focus on the actual language as to whichever date is later or when someone must file a Title VII claim. It said when you may become eligible for one. So if the case was published in this instance, I would focus on when a Title VII claimant must file a Title VII claim. Well, it's a question of whether it's dicta or not. If it's dicta, then maybe we're not, but if it's actually part of the holding, then we can't, you know, a three-judge panel can't overrule another three-judge panel, right? Right. So we're bound by our Ninth Circuit precedent. So if stifle held what the appellee's position is, then we can't do anything about it. It would have to be an en banc court that if it was dicta in stifle and it was dealing with other issues, then possibly we can, and it wasn't actually interpreting the statute, then we can interpret the statute. But, you know, we're not, you know, we can't just do whatever we want if a prior three-judge panel decides something. I agree. So if you want to save two minutes, maybe you want to think a little more about your answer on how we deal with stifle. Thank you, Your Honor. I will do that. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Daniel Gardensworth on behalf of appellee Gina Marina Enterprises. Just to correct something that my colleague said in terms of what the issue is in this case, I don't think the issue is what is the statute of limitations. The issue is when does the statute of limitations begin to accrue. Right. And to address the last question and answer, stifle is directly on point, and it's not dicta, Your Honor, with respect to when. Well, it doesn't really interpret the statute. It doesn't say that 42 U.S.C. says that within 90 days after the giving of such notice. It doesn't interpret. The holding seems to, they don't really deal with it, and in that situation it was similar to the facts here, but they don't directly interpret the statute. Well, respectfully, Your Honor, I don't think I agree with that because there were actually two holdings in stifle on this issue. The first was consistent with Sorrell and Edwards that the filing of a complaint with the Department of Fair Employment and Housing is one in the same as filing with the EEOC under the work sharing agreement. Now, as a result of that holding, the stifle court, citing the statute, said, quote, after receiving an EEOC right to sue letter or becoming eligible for one by the commission's inaction, a plaintiff generally has 90 days to file suit. That is the court saying when the statute starts to run. It says or, right? And so you're interpreting the lesser of the or instead of the larger of the or, correct? I'm not sure I understand it, Your Honor. Well, the court stifle says the statute is 90 days after either of these two dates, okay, either or. Right. So if you want to sue it 90 days after you've submitted it, then you can. If you want to wait until 90 days after the suit is or after you get the EEOC letter, you can. Right? No, I don't think so, Your Honor. I mean, isn't that the interpretation of that statement? The reason why I don't necessarily agree with that, Your Honor, is because what after making that statement, what the court did in stifle was it then went on to explain why the 90 days had not run in that case. And the reason the 90 days had not run in that case is because the first lawsuit in stifle told the 90-day running. So the court was clearly taking the position that but for that first lawsuit and the tolling of that lawsuit, that 90 days would have run. And that is clearly part of the holding in stifle. Well, I don't think the court in stifle, they didn't have any occasion to, nor did it, consider whether the 90-day limitation window begins 180 days after EEOC action in action, even if the EEOC does not notify a person aggrieved as required by Section 2000E5F1. So I think the argument that can be made from there is that that statement in stifle, which stifle cited Rucker, is not necessary to the holding and the case does not appear to be made after reasoned consideration. Well, Your Honor, I don't know then why stifle would have to go into the issue of whether the statute told because. . . Because there was a previous lawsuit filed that told the statute. Right, but it had to make that analysis and make that holding. In other words, stifle was assuming that but for that tolling, the statute had been triggered, even though there was not an EEOC right to sue letter. And by the way, stifle is not the only case on this issue. There are multiple cases at the district court level and at the Ninth Circuit. The unpublished decision, of course, in Rucker is directly on point. Unpubbed, sir. Yes. We get a clean. I understand, Your Honor, but other courts should look at this issue. Well, in Sorrell, you're saying in Sorrell, that court said it makes no difference whether the plaintiff actually obtained a notice from the EEOC, but I think you have to read it in context. It makes no difference for the purpose of determining whether a plaintiff has exhausted administrative remedies, which is different than what we're talking about here. Well, yes and no, Your Honor. It is different in terms of whether you've exhausted administrative remedies. But, of course, as a general rule, once you have a right to file a lawsuit, okay, once you have that exhaustion, your limitations period begins to run. And Congress, if it's going to create two separate limitations periods, one that lets you trigger when you've exhausted and, therefore, have a right to sue, and one that's separate, but when you have to sue, it needs to be explicit. Well, isn't it explicit in this case? Let's go back to the statutory language. It seems to me that 2000E-5F1 ties the 90-day limitation period to the giving of the right to notice. And the accompanying regulations talk about 90 days to sue from receipt of the authorization. To me, if you look at the plain language, it seems to support the argument that the 90-days limitation period begins when the notice is received. I understand. How do you square your argument with the statutory language? Thank you, Your Honor, for that question. I square it because other sections of Title VII specifically authorize the EEOC to designate other State agencies as its authorized agent, which through work-sharing agreements, which is exactly what we have in this case. So where you have, for that very reason, when a plaintiff files with the DFEH, it's as if they filed with the EEOC. Now, that's not in the statute of F-1, but that is what the courts have construed and interpreted under the work-sharing agreements. So once a notice comes from either the EEOC or the appropriate State agency, which is also language contained in the statute, okay, generally, the limitations period begins to run. Now, whether it runs 180 days after the EEOC itself has failed to act or whether it runs 90 days after actual receipt of a State right to sue letter would be something that maybe the Court could clear up. But either way, in this case, we are well beyond any of those limitations period. And if you rule otherwise, what this case would allow is a plaintiff to obtain a right to sue letter from the Department of Fair Employment and Housing, file a lawsuit, you know, 364 days later, and sit on their Title VII rates for years. Well, that's your parade of horribles. But is an employer really that powerless? For example, if it's been over 180 days since the charge was filed, couldn't an employer ask the EEOC to issue a right to sue notice? Your Honor, I don't know the answer to that question. It's certainly not in the record. But I think the plaintiff's case, Your Honor, not the employer's case, and I think the plaintiff would have a right to have the EEOC investigate the claim if the EEOC is willing to investigate the claim. And certainly in this case, while it may seem like a hypothetical parade of horribles, remember, as Justice Posner said in the Seventh Circuit, there are back pay rights to plaintiffs in Title VII cases, which is why there are short limitations periods in the first place. Because every day that delays out before a lawsuit is filed is a day that the exposure increases for the employer. So these short limitations are here for a reason, and simply allowing a plaintiff to let this roll for months, if not years, is antithetical to the purpose within the statute to have a short limitations period. Well, but they have to exhaust, too. So, I mean, and employers are the very first to bring up if someone doesn't exhaust. Absolutely, Your Honor. So it's not as if – I don't know if I agree with your parade of horribles here. Well, fair enough, Your Honor. But to your point, the plaintiffs certainly have the right to ask for that right to sue letter. So at any point in time, even before the 180 days runs, they can ask the EEOC or the CFEH, for that matter, to issue a right to sue letter and easily exhaust. But why shouldn't they have the right to also wait for the EEOC to complete its investigation and issue the letter? Well, certainly the EEOC has six months to do that. And a plaintiff that doesn't have representation, you know, would – it would be better for a plaintiff to have the EEOC decide in their favor than to have to file a lawsuit. And we know how much, you know, even though we're all lawyers, we can't afford to hire a lawyer. Well, and in this case, I think as you noted in terms of the equitable tolling, there was plenty of opportunities here for this plaintiff to educate herself on her legal rights. And in fact, she misconstrued the letters that she was even getting. She didn't even believe that the EEOC had a claim pending for the 11 months in between the filing of the DFEH letter and her lawsuit. Even after that, she didn't realize the EEOC had a claim. So is it your position, though, that she had to file with both the DFEH and the EEOC to exhaust her administrative remedies? Absolutely not, Your Honor. The filing of one is the same as the other. And your position is once she got the right to sue the letter from the DFEH, then the 90 days started, and it didn't matter what happened at the EEOC? My position is that once she got the – actually, once she filed the complaint, it was dual filed with the EEOC and the DFEH. So at that point in time, the EEOC had 180 days to issue its own decision. Right. Now, she got the right to sue letter. She could have filed then, but she certainly could have waited for the EEOC to continue to investigate. But after another 180 days went by, that 90-day trigger, that limitations period, triggered, and she had another three months to file, which she did not. The statutory language, what does such notice apply to then? 90 days after the giving of such notice. What does such notice mean? Notice from either the EEOC or the appropriate state agency. But what if the state agency gives its right to sue letter early enough that the EEOC complaint hasn't been sitting for six months, then what happens to the plaintiff? The plaintiff has to do it within the 90 days after getting the right to sue letter from the state agency? No, I believe the plaintiff can wait for the other 180 days, but once the 180 days expires. If they can wait for the 180 days, why can't they wait until the EEOC makes its decision and then 90 days thereafter? Well, I see I'm out of time. May I continue to answer your question? Absolutely. Thank you. The plaintiff can wait the 180 days, but once the EEOC hasn't done anything yet, they can call the EEOC and ask for a right to sue letter. They have to take some action is the point, and they can't wait and do nothing for months or years. What if they call the EEOC and the EEOC says, well, we're really under-resourced. I don't think we're going to wrap this up in the next 90 days. Then they should ask for a right to sue letter, and, in fact, the EEOC should issue a right to sue letter. And that goes back to my question. Why can't they wait for the EEOC to complete its investigation? Because there's a statute of limitations here that is balancing both sides, and they can for up to six months plus 90 days. All right. Thank you for your argument.  Thank you, Your Honors. And to address Your Honor's question regarding the stifle decision, stifle is dicta. Stifle is discussing the exhaustion of administrative remedies. There is no case on point that to confirm as to when a Title VII claimant must file a Title VII claim. Now, the statute governs, and the statute says 90 days after receiving the EEOC right to sue notice. It says such notice. Such notice. It doesn't say EEOC such notice. Yes, Your Honor. It's a federal statute, and there's no statutory authority to state that the notice is referring to any appropriate state agency. Okay. To address the Respondent's point or Appellee's point regarding the EEOC has 180 days and only 180 days to complete its investigation, there's no law to support that. There's no statute to support that. The purpose of the EEOC's rules are to investigate any wrongdoing that's claimed by a Title VII claimant, however long that may take. There's always, not always, but there are at times uncooperative employers, possibly loss of destruction of evidence that have to be dealt with. So to give an arbitrary 180-day timeframe for the EEOC to complete its statutory investigation wouldn't be consistent with the legislative intent behind the statute. And because the lower court did not apply the governing statute with respect to when a Title VII claimant must file a Title VII claim, I believe the lower court's ruling should be reversed or equitable tolling be applied because the Title VII claimant, Ms. Scott, didn't receive adequate notice and Respondent was placed on notice far in advance in 2013 as to Ms. Scott's claims. Thank you, Your Honor. Your time has expired. Thank you both for your argument and this matter will stand adjourned.
judges: Callahan, Nguyen, Bataillon